IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION


SCOTT DOMITROFF,                    :

    Plaintiff,                    :

vs.                                 : CIVIL ACTION 13-0526-WS-C

OFFICER CARR, et al.,               :

    Defendants.                  :

## REPORT AND RECOMMENDATION

Plaintiff, a detainee in the Baldwin County Corrections Center in Bay Minette, Alabama, is proceeding *pro se* and *in forma pauperis*, and has filed a complaint under 42 U.S.C. § 1983. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). After careful consideration of the pleadings on record, it is recommended that this action be dismissed without prejudice prior to service of process as malicious. 28 U.S.C. §§ 1915A(b)(1) & 1915(e)(2)(B)(i).

## I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff's civil action was received in this Court on October 29, 2013, with the filing a civil rights complaint under 42 U.S.C. § 1983 (Doc. 1) and a motion to proceed *in forma pauperis* (Doc. 2). Plaintiff was granted leave to proceed *in forma pauperis* on November 5, 2013

(Doc. 3).[1] Even though the motion to proceed *in forma pauperis* has been granted, the review process required by 28 U.S.C. § 1915A is ongoing in order to determine if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted.

## II. ANALYSIS

### A. Legal Standards

The federal statutes authorizing incarcerated plaintiffs to file complaints as paupers provide for dismissal of such complaints if they are found to be malicious. See 28 U.S.C. §1915(e)(2)(B)(i) ("Notwithstanding any filing fee, or any portion thereof that may have been paid, the court ***shall*** dismiss the case at any time if the court determines that--… the action … is frivolous or malicious; … .") (emphasis added) and  28 U.S.C. § 1915A(b)(1) ("On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- … is frivolous, malicious… .")  The court is also required to insure that granting a motion to proceed *in forma pauperis* will not violate the limitations contained in 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under

---

[1] That portion of the November 5, 2013 Order granting plaintiff leave to proceed *in forma pauperis* is **WITHDRAWN** as improvidently granted.

this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal ... that was dismissed on the grounds that it is frivolous, malicious or fails to state a clam upon which relief may be granted … .").

When screening a complaint under the constraints of 28 U.S.C. § 1915(g), a court is "involve[d] in more than sophomoric arithmetic [as c]ourts must search records of the prisoner's prior federal cases to determine whether judicial officers 'on 3 or more prior occasions' entered orders of dismissals and, if so, . . . the reason for the dismissals[.]"  *Rivera v. Allin*, 144 F.3d 719, 726 (11th Cir. 1998), *abrogated in part on other grounds by Jones v. Bock,* 549 U.S. 199, 215-17 (2007).  So, when prisoner plaintiffs misrepresent the extent of their prior litigation history on court-provided complaint forms requiring the disclosure of such history and further, they have done so under penalty of perjury, their actions are considered an abuse of the judicial process warranting dismissal of the case without prejudice as "malicious" under § 1915(e)(2)(B)(i). *Id.* at 731 (finding an action that had been dismissed for abusing the legal process because an inmate lied under penalty of perjury about a prior lawsuit to be malicious); *Harris v. Warden,* No. 11-14690, 2012 WL 5907451, at *1 (11th Cir.

2012) (unpublished)[2] (dismissing without prejudice an action for an abuse of process where the inmate failed to disclose his litigation history in his original and amended complaints even though the form complaint described the type of cases he was bound to disclose); *Jackson v. Florida Dep't of Corr.*, 491 F. App'x 129, 132 (11th Cir. 2012) (unpublished) (affirming the dismissal without prejudice of inmate's action as malicious because he abused the judicial process when under penalty of perjury he represented in his complaint that he had not had an action dismissed prior to service process, whereas he had two, one of which was contained in the complaint but not in the section inquiring about such cases), *cert. denied,* 2013 WL 1788095 (Apr. 29, 2013) (No. 12-8885); *Redmon v. Lake County Sheriff's Office,* 406 F. App'x 340, 223, 225-26 (11th Cir. 2011) (unpublished) (affirming the dismissal without prejudice of the inmate's action signed under penalty of perjury which was found to be abusive when he did not disclose a lawsuit that he filed when the complaint form asked for disclosure of all lawsuits relating to his imprisonment or conditions of imprisonment, regardless of his response that he did not understand the form); *Shelton v. Rohrs,* 406 F. App'x 340, 340 (11th

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

Cir. 2010) (unpublished) (affirming the dismissal without prejudice of the inmate's complaint under § 1915(e)(2)(B)(i) for an abuse of process after he checked "no" to the complaint form's question asking if he had filed other actions in state or federal court because the case management system reflected he had filed four actions and he would have known that he had filed multiple actions, thereby rejecting his argument that he did not remember filing any civil actions and his records were inaccessible); *Young v. Secretary Fla. Dep't of Corr.,* 380 F. App'x 939, 940 (11th Cir. 2010) (unpublished) (affirming the *sua sponte* dismissal of the inmate's action pursuant § 1915(e)(2)(B)(i) for an abuse of process when he did not disclose his prior lawsuits in spite of his argument that he no longer has access to the documents so he could answer fully due to the rule regarding "excess legal material"); *Hood v. Tompkins,* 197 F. App'x 818, 819 (11th Cir. 2006) (unpublished) (affirming the dismissal of an inmate's § 1983 action for an abuse of process because he responded with "no" to the complaint form's question asking whether he has brought any other lawsuits dealing with facts other than those in his action because he had in fact brought other lawsuits and the question was not ambiguous; "the district court was correct to conclude that to

allow Hood to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process").

Under the circumstances of this case, a dismissal without prejudice is reviewable only for abuse of discretion. *Harris*, 2012 WL 5907451, at *1 ("First, we are unpersuaded by Harris's claim that, given his *pro se* status, the district court abused its discretion in dismissing his complaint as a sanction without allowing him 'to correct' his failure to disclose his prior litigation history."), *citing Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir.1983) (dismissal without prejudice, even for a minor violation of a court order, was not an abuse of discretion). "Such a dismissal should be allowed absent some plain prejudice other than the mere prospect of a second lawsuit." *Jackson*, 491 F. App'x 129 at 132, *citing Kotzen v. Levine*, 678 F.2d 140, 140 (11th Cir.1982).

### B. Application of the Law to the Facts of this Case

As required in this Court, plaintiff signed a court-provided complaint under penalty of perjury on October 23, 2013 and that complaint reached the Court's docket on October 29, 2013. It is Mr. Domitroff's position that on or about July 9, 2013 through the date of his executing his complaint, Dr. Sherman denied him appropriate medical treatment for his HIV positive condition. He also alleges that

the "Medical Nursing Staff" at the Baldwin County Corrections Center ("BCCC") violated his doctor/patient privilege and federal HIPPA laws.[3] The last named defendant is a classification specialist at BCCC identified as Officer Carr. Officer Carr is alleged to have violated antidiscrimination laws, the U.S. and Alabama Constitutions and federal HIPPA law. The factual basis for his claims against the nurses and Officer Carr appear to be statements made in front of other inmates or jail personnel that he was HIV positive and based on that diagnosis, was misclassified and housed with dangerous inmates.

A portion of the information that prisoner plaintiffs are required to include in their complaints is a complete history of the lawsuits filed in state or federal courts dealing with the same or similar facts supporting their current suit or otherwise relating to their imprisonment. Doc. 1, pgs. 3-4. Mr. Demitroff listed only one prior lawsuit that he had filed in state or federal court dealing with his conditions of confinement. *Id*. ("Its been over 15 years and I don't have access to this information.") He failed or refused to offer any identifying information that would have assisted in the search of his prior action and the resolution of his action.

---

[3] Health Insurance Portability and Accountability Act of 1996 ("HIPAA").

Not only is this information provided by Mr. Domitroff incorrect, it is an obvious attempt to withhold from the Court his complete litigation history. According to the search conducted through PACER (Public Access to Court Electronic Records), his litigation history includes three prior actions attacking his conditions of confinement which were filed in the United States District Court for the Northern District of Florida: *Demitroff, et al. v. Sheriff Jim Lowman*, 3:96-cv-00399-RV-MD (dismissed July 17, 1998 for failure to prosecute),[4] *Demitroff v. Williams, et al.,* 3:02-cv-00458-LC-MCR (dismissed as malicious),[5] and *Demitroff v. Williams et al.,* 3:03-cv-00404-LC-MD (dismissed for failure to prosecute).[6]

Plaintiff's failure to provide a complete list of his litigation history is an abuse of process and should be sanctioned. His attempt to mislead the court with regard to his litigation history is egregious and knowing. As an example, he experienced, as recently as 2002, a dismissal of his complaint on the basis that he had misrepresented his litigation history. Therefore, he clearly knew that he was required

---

[4] This action was a prisoner civil rights action attacking the conditions of confinement in the detention facility.

[5] His second lawsuit contains general claims that the living conditions in the jail violated the cruel and unusual punishment clause of the Eighth Amendment to the United States Constitution and along with his claim that he was denied the use of an adequate law library.

[6] Demitroff filed a civil rights complaint attacking the detention facility for violation of adequate access to a law library and mail privileges.

to list all three previous actions as required in the form complaint used in this Court just as it is in the Northern District of Florida. Even the insufficient attempt to comply, he wanted the Court to believe that a single previous action was filed over fifteen years ago and he did not have the ability to sufficiently describe his previous action. The appropriate sanction is clearly to dismiss, without prejudice, his very vague claims that the defendants are not meeting his serious medical needs, are discriminating against him on the basis of his medical problem and have violated their obligation to keep his medical information confidential.

In this case, there is no evidence of any plain prejudice other than the prospect of having to file a subsequent suit. It is anticipated that if Mr. Domitroff files a new action, he will include a truthful and complete litigation history.

### III. CONCLUSION

The complaint filed in this action constitutes an abuse of judicial process and therefore is malicious pursuant to 28 U.S.C. §§ 1915A(b)(1) & 1915(e)(2)(B)(i). Once a complaint is found to be malicious, it shall be dismissed when it is coupled with a request to proceed in forma pauperis. 28 U.S.C. § 1915(e)(2)(B)(i). Therefore, it is

recommended that the complaint be dismissed without prejudice prior to service as an appropriate sanction under the circumstances.

### IV. NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's *factual findings*." *Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir. 2013) (emphasis in original). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 18th day of February, 2014.

s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE